IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HERMAN P. GULLATT, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-255 |
| EDDIE DELONE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Herman P. Gullatt, Jr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Stiles Unit Practice Manager Edward Delone, Warden Christopher Norsworthy, Nurse Practitioner Emma Davis, and Stiles Unit Practice Manager Jacquelyn Womack.[1]

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants filed a motion for summary judgment. Plaintiff has had an opportunity to respond to the motion. This Report and Recommendation considers the merits of Defendants' motion.

Factual Background

Plaintiff alleges he has suffered from chronic prostatitis for twenty-five years, including during a prior period of incarceration in TDCJ-CID. On August 26, 2019, Plaintiff was transferred from the Navarro County Justice Center into the custody of TDCJ-CID. Plaintiff was subsequently transferred to the Stiles Unit in September of 2019. Plaintiff alleges Defendant Davis gave him an in-person medical orientation. At that time, she told him that he would have an immediate appointment with neurology and he would be scheduled for an appointment with urology if he had

---

[1] Plaintiff filed this civil action regarding his medical treatment in the United States District Court for the Southern District of Texas. The claims against Plaintiff's medical providers, including the specialists, employed at the University of Texas Medical Branch in Galveston were retained in the Southern District of Texas case. The claims against employees at the Stiles Unit in Beaumont were severed and transferred to this court.

a reoccurrence of prostatitis. Despite these assurances, Plaintiff alleges he did not have a neurology appointment. Beginning on January 20, 2020, Plaintiff alleges he submitted sick calls over a nine-month period complaining of neck pain and chronic prostatitis, but he was not provided with adequate medical treatment.

Plaintiff was first seen at the University of Texas Medical Branch (UTMB) Urology Clinic in Galveston on October 20, 2020. After the initial visit, Plaintiff was seen regularly by urology specialists at UTMB. Plaintiff disagreed with the medical treatment he was provided by the specialists, and he wrote letters to Defendant Norsworthy and other individuals complaining about his medical care. Plaintiff alleges he did not receive a response from Defendant Norsworthy.

## Motion for Summary Judgment

Defendants contend they are entitled to summary judgment because Plaintiff did not exhaust administrative remedies before he filed this action.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id.* at 532. A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Because exhaustion is a threshold issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The primary purpose of a grievance is to alert prison officials to a problem so that it can be addressed, not to provide notice to a prison employee of a possible lawsuit. *Johnson*, 385 F.3d at 522. Thus, it is not necessary for a prisoner to identify future defendants by name in the grievance in every circumstance. *Id*. at 517. Nor is it necessary for an inmate to allege a legal theory or every fact that would support a legal theory in his grievance. *Id.* at 517-18. "A grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id*. at 517.

The Texas Department of Criminal Justice, Correctional Institutions Division has a two-step grievance procedure available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Step 1 of the grievance procedure involves the prisoner submitting a grievance to the unit grievance

coordinator. The unit grievance coordinator investigates the grievance, collects documents and other evidence, interviews witnesses, drafts an investigation report of findings, and prepares a recommendation for the review of the decision maker. The authorized decision maker for a Step 1 grievance is the warden or assistant warden. *Id.*

Step 2 of the grievance procedure involves the prisoner submitting an appeal to the division grievance investigator at TDCJ-CID headquarters. The division grievance investigator investigates the grievance, collects documents and other evidence, interviews witnesses, drafts an investigation report of findings, and prepares a recommendation for the review of the decision maker. The decision maker for a Step 2 grievance is the regional director or assistant director. *Id.*

The grievance procedure takes approximately ninety days to exhaust. Prisoners are allowed fifteen calendar days to file a Step 1 grievance. The first response is due forty calendar days from receipt of the grievance. The prisoner then has ten days to appeal the Step 1 grievance by filing a Step 2 grievance. Prison officials involved with Step 2 grievances have forty calendar days from receipt of the grievance to complete the investigation and respond to the grievance. *Id.* The prisoner must pursue the grievance through both steps for his claim to be exhausted. *Johnson*, 385 F.3d at 515.

The records show that Plaintiff filed multiple grievances regarding his medical treatment. On February 3, 2020, Plaintiff filed a Step 1 grievance regarding his medical care. In grievance #2020072261, Plaintiff complained that he had filed sick call requests asking for a refill of Ibuprofen and for medical care for chronic prostatitis and chronic neck pain. Plaintiff received a response to his Step 1 grievance on April 22, 2020. The response was signed by Defendant Delone, who wrote, in part: "according to your medical history you submitted a SCR on January 23, 2020. You were then seen in NSC on January 24, 2020." Plaintiff appealed by filing a Step 2 grievance complaining that Defendant Delone did not investigate and resolve Plaintiff's issues. Plaintiff received a response to his Step 2 grievance on May 26, 2020. The response noted that Plaintiff had missed two appointments with the medical staff, but that he had seen a medical provider and his medical

4

concerns were addressed. Plaintiff was also advised to attempt informal resolution of his medical complaints before filing grievances. Although Plaintiff's claim against Defendant Delone appears to have been exhausted, it is subject to dismissal under 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim upon which relief may be granted because failing to process grievances and investigate an inmate's complaints are not the types of action that rise to the level of a constitutional violation. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).[2]

In grievance #2021157121, which was initiated on August 21, 2021, Plaintiff requested UTMB to reinstate the medical treatments that had previously been ordered. The grievance did not concern the actions of any of the named Defendants. Plaintiff did not receive a timely response to his Step 1 grievance, which was not returned to Plaintiff until April 26, 2022. There is no indication that Plaintiff attempted to file a Step 2 grievance, but even if he had, the complaints in the grievance concern medical treatment by the providers in Galveston, who are not parties to this action.

Plaintiff filed a grievance complaining about the delay in processing grievance #2021157121. His Step 1 grievance in #2022041266 was returned to him as redundant of grievance #2021157121. Plaintiff claims that he attempted to file a Step 2 grievance. Assuming Plaintiff exhausted his claim that his grievance was not properly processed, that claim should be also be dismissed under § 1915A(b) as frivolous and for failure to state a claim.

Plaintiff claims Defendants failed to disclose that Plaintiff filed another Step 1 grievance, #2022095843, concerning his medical care. However, that Step 1 grievance was filed on May 6, 2022, shortly before Plaintiff filed this action. Plaintiff did not receive a response to the grievance until August 12, 2022, after he filed this action. Therefore, the claims raised in that grievance are unexhausted.

---

[2] Defendants contend that any claims raised in this grievance are barred by the two-year statute of limitations applicable to this action. The Step 2 grievance was returned to Plaintiff on May 26, 2020. The complaint filed in the Southern District of Texas was executed on May 25, 2022. Assuming Plaintiff placed the complaint in the prison mail system on that date, the claims are not barred by the statute of limitations.

Plaintiff's claims are either unexhausted or they fail to allege a violation of his constitutional rights. As a result, this action should be dismissed.

## Recommendation

This civil rights action should be dismissed pursuant to Federal Rule of Civil Procedure 56 and 28 U.S.C. § 1915A(b).

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 3rd day of June, 2024.

_____
Zack Hawthorn
United States Magistrate Judge