IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| HERMAN P. GULLATT, JR. § | |
| VS. § | CIVIL ACTION NO. 1:22-CV-255 |
| EDDIE DELONE, ET AL. § | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Herman P. Gullatt, Jr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Stiles Unit Practice Manager Edward Delone, Warden Christopher Norsworthy, Nurse Practitioner Emma Davis, and Stiles Unit Practice Manager Jacquelyn Womack.

The Court ordered that this matter be referred to a United States Magistrate Judge for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends granting Defendants' Motion for Summary Judgment, and dismissing the action pursuant to Federal Rule of Civil Procedure 56 and 28 U.S.C. § 1915A(b).

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, filed pursuant to such order, along with the record and the pleadings. Plaintiff filed objections to the Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and

the relevant case law, the Court concludes that Plaintiff's objections lack merit for the reasons stated in the magistrate judge's Report and Recommendation.

Defendants argued that they were entitled to summary judgment because Plaintiff failed to exhaust administrative remedies with respect to the claims against them before he filed this civil action. The magistrate judge recommended granting the motion, except with respect to Plaintiff's claim that Defendant Delone failed to properly address his grievances. The magistrate judge recommended dismissing that claim pursuant to 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim. In his objections, Plaintiff raises new claims that Defendant Delone failed to train and supervise his employees. Even if those claims were exhausted in his administrative remedies, Plaintiff's allegations do not state a claim upon which relief may be granted.

Plaintiff may state a claim against Defendant Delone by showing: (1) the defendant failed to train or supervise his subordinates; (2) a causal link exists between the failure to train or supervise and the violation of Plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). A single instance of lack of training or supervision is generally not sufficient to demonstrate deliberate indifference, unless the plaintiff shows that "the highly predictable consequence of a failure to train would result in the specific injury suffered." *Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021). The single-incident exception is not generally available unless the defendant provided absolutely no training to his subordinates. *Id*.

Plaintiff did not allege any facts in support of his conclusory assertions that Defendant Delone failed to train or supervise his employees. A defendant cannot be held liable based on general allegations that the injury could have been prevented if the employees had received better

2

or additional training. *Roberts v. City of Shreveport*, 397 F.3d 187, 293 (5th Cir. 2005). The plaintiff must demonstrate, with specificity, how a particular training program is defective. *Id.* Plaintiff failed to meet this burden. Therefore, the claims that Defendant Delone failed to train or supervise his employees should be dismissed for failure to state a claim.

## ORDER

Accordingly, Plaintiff's objections [Dkt. 71] are OVERRULED. The findings of fact and the conclusions of law of the magistrate judge are correct, and the report and recommendation of the magistrate judge [Dkt. 69] is ADOPTED. A final judgment will be entered in accordance with the magistrate judge's recommendation.

**SIGNED this 29th day of August, 2024.**

Michael J. Truncale
United States District Judge